IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMAR RUFUS, | § | |
| | § | No. 225, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1809004203 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 27, 2021
Decided: October 15, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Lamar Rufus, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Rufus's opening brief that his appeal is without merit.  We agree and affirm, but we remand the matter to the Superior Court to correct a clerical error contained in the sentencing order.

(2)    On July 1, 2019, Rufus pleaded guilty to carrying a concealed deadly weapon (a firearm) ("CCDW") (Criminal Action No. IK 18-11-0038)

and possession of a firearm with an obliterated serial number (Criminal Action No. IK 18-09-0367).[1] The transcript of Rufus's sentencing on July 8, 2019, reflects that the Superior Court sentenced Rufus as follows: (i) for CCDW, to eight years of imprisonment, suspended after five years for decreasing levels of supervision and (ii) for possession of a firearm with an obliterated serial number, to eight years of incarceration, suspended for 18 months of Level III probation. The sentence imposed was consistent with the sentence that the State and the defendant agreed to recommend, as reflected in the sentencing transcript and the plea agreement.

(3) In June 2021, Rufus filed a motion for correction of an illegal sentence, which the Superior Court denied. On appeal, Rufus argues that the sentence imposed for CCDW is illegal because the Superior Court imposed a sentence that exceeds the presumptive sentence for that offense set forth in the SENTAC sentencing guidelines without stating on the record its reason for doing so.[2]

(4) We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[3] To the extent the claim involves a question of law,

---

[1] In the motion to affirm, the State asserts that Rufus pleaded guilty to two counts of carrying a concealed deadly weapon. That assertion, although consistent with the written sentencing order, is inconsistent with the rest of the record. As discussed further below, it appears that the sentencing order contains a clerical error and should be corrected under Superior Court Rule Criminal Rule 36.

[2] See 11 *Del. C.* § 4204(n) ("Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty.").

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

we review the claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)  We find no reversible error in the Superior Court's denial of Rufus's motion.  As noted above, the court imposed the sentence that was negotiated by the parties in connection with the plea agreement.  Thus, it is apparent from the record that the parties' agreement was the court's reason for imposing the sentence.  Moreover, the sentence is within the statutory limit for CCDW involving a firearm.[6]

(6)  We note that the State contends that the sentence is consistent with the guidelines set forth in the SENTAC Benchbook in light of Rufus's prior criminal history.  The motion to affirm does not completely or accurately describe Rufus's prior criminal history; notably, the State asserts that Rufus was convicted of attempted murder, but the Superior Court record in the relevant case indicates that he was convicted of second-degree assault.  We need not resolve this issue, however, in light of our conclusion that the agreed-upon recommended sentence explains the

---

[4] *Id.*

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] *See* 11 *Del. C.* § 1442 (providing that CCDW is a class D felony if the deadly weapon is a firearm); *id.* § 4205 (b) (providing that the term of incarceration for a class D felony is up to eight years).

sentence imposed. Nor does *Gibson v. State*,[7] on which Rufus relies, require a different result. In *Gibson*, the Court determined that the sentence imposed was within the sentencing guidelines in light of the defendant's criminal history. But in that case, the defendant pleaded guilty, but the parties had not agreed on a recommended sentence.[8]

(7) We conclude that the Superior Court did not err in denying Rufus's challenge to his sentence for CCDW. But the written sentencing order does contain a clerical error. As noted above, the plea agreement, truth-in-sentencing form, and sentencing transcript all reflect that Rufus was convicted and sentenced to (i) eight years of imprisonment, suspended after five years for decreasing levels of supervision, for CCDW in Criminal Action No. IK 18-11-0038 and (ii) eight years of incarceration, suspended for 18 months of Level III probation, for possession of a firearm with an obliterated serial number in Criminal Action No. IK 18-09-0367. The written sentencing order, however, imposes sentences for two counts of CCDW. Moreover, the written sentencing order reverses the criminal action numbers that are associated with the respective sentences, imposing eight years of imprisonment suspended after five years in Criminal Action No. IK 18-09-0367 and eight years suspended for probation in Criminal Action No. IK 18-11-0038. Accordingly, we

---

[7] 2020 WL 7213227 (Del. Dec. 3, 2020),
[8] *See id.* at *2 (stating that the State sought a sentence between five and ten years and Gibson argued that the court should impose the three-year minimum).

4

affirm the Superior Court's denial of Rufus's motion for correction of sentence, but we remand this matter to the Superior Court to correct the clerical error reflected in the sentencing order.[9]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The matter is hereby REMANDED to the Superior Court for correction of the clerical error in its sentencing order dated July 8, 2019.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] *See* DEL. SUPER. CT. CRIM R. 36 (providing that the court may correct clerical mistakes in judgments at any time). *See also Smith v. State*, 2008 WL 5008575 (Del. Nov. 26, 2008) (remanding for correction of written sentencing order, which reflected sentence for first-degree assault, where record reflected that defendant pleaded guilty but mentally ill and was sentenced for second-degree assault); *Bland v. State*, 2006 WL 2960050 (Del. Oct. 17, 2006) (remanding for correction of written sentencing order to conform with oral pronouncement of sentence).